THE ATLANTA JOURNAL AND CONSTITUTION, Plaintiff,

v.

THE CITY OF ATLANTA DEPARTMENT OF AVIATION; Angela Gittens, in her official capacity as Aviation General Manager, City of Atlanta; Steve Baker, in his official capacity as Aviation Deputy General Manager, City of Atlanta; and William Campbell in his official capacity as Mayor, Cit of Atlanta, Defendants.

USA TODAY, a division of Gannett Satellite Information Network ("GANSAT"), Inc., Plaintiff,

v.

THE CITY OF ATLANTA DEPARTMENT OF AVIATION; Angela Gittens, in her official capacity as Aviation General Manager, City of Atlanta; Steve Baker, in his official capacity as Aviation Deputy General Manager, City of Atlanta; and William Campbell, in his official capacity as Mayor, City of Atlanta, Defendants.

Civil Action Nos. 1:96–CV–1738–WBH, 1:96–CV–1847–WBH.

United States District Court, N.D. Georgia, Atlanta Division.

May 29, 1997.

See also 175 F.R.D. 347.

Thomas McIver, Clyde, Dow, Lehnes & Albertson, Atlanta, GA, for N.Y. Times.

### ORDER

HUNT, District Judge.

Before the Court is The New York Times Company d/b/a The New York Times's ("The New York Times") motion for leave to intervene [31] as a plaintiff in the above actions pursuant to Federal Rules of Civil Procedure 24(a)(2) and (b)(2). Although the defendants object to the factual characterization contained in The New York Times's motion and

memorandum of law in support thereof, the defendants register no objection to the intervention. Therefore, the motion to intervene [31] is GRANTED.

 Additionally, plaintiffs have moved for leave to amend the complaint pursuant to Rule 15. Plaintiffs seek to add claims which allegedly have arisen after the initial complaint was filed.[1] The Court shall grant leave to amend a complaint "when justice so requires." Fed.R.Civ.P. 15(a). Generally, the Court will only deny a request for leave to amend a complaint where there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of allowing the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

There is no suggestion of undue delay, bad faith, or dilatory motive on the part of plaintiffs in this action and there is no undue prejudice to defendants by allowing the additional count. "[T]he underlying facts or circumstances relied upon by [plaintiffs] may be a proper subject of relief," therefore, the Court affords plaintiffs the opportunity to test the claims on the merits, and the motion for leave to amend [24] is GRANTED. *Id.* The Clerk is DIRECTED to file the Amended Complaint contained as an exhibit to the motion to amend [24] as of the date of this order.

---

1. Plaintiffs seek to add, in pertinent part, the following:

Since the filing of this action, defendants, including specifically defendant Gittens, have interfered with and attempted to punish the exercise of plaintiffs' First Amendment rights in violation of 42 U.S.C. § 1983 and in admitted violation of repeated orders of this Court, by acting, directly and indirectly, under color of law to variously thwart and impede delivery and distribution of plaintiffs' newspapers at the airport. These actions have included, without limitation, improperly and unlawfully confiscating plaintiffs' newsracks, physically denying plaintiffs access to deliver and distribute newspapers at the airport, imposing unusual and unreasonable conditions on such access based on pretextual security and safety or other concerns and inducing others to interfere with such access.

Amended Complaint ¶ 47.